## FIRST NAT. BANK OF EL RENO v. BALL.

No. 10454—Opinion Filed March 28, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

### Replevin — Judgment Notwithstanding Verdict—Reversal.

For the reasons stated in this opinion, the judgment of the trial court is reversed and the cause remanded, with directions to overrule the motion for judgment notwithstanding the verdict and to enter judgment for the plaintiff in accordance with the verdict.

Error from District Court, Grady County; Cham Jones, Judge.

Replevin by the First National Bank of El Reno against Joe Ball for possession of broomcorn under mortgage. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Babcock & Trevathan and Barefoot & Carmichael, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

KANE, J. This was an action in replevin commenced by the plaintiff in error, plain-

tiff below, against the defendant in error, defendant below, to recover possession of twenty-four (24) bales of broomcorn.

The plaintiff claimed the right of possession under a chattel mortgage executed by one T. J. Morgan wherein the property pledged was described as follows: "My undivided one-half interest in 103 acres of growing broomcorn, grown by myself and son, also my undivided one-fourth interest in thirty (30) acres of growing broomcorn raised by Vinson Hardy." It seems the broomcorn was raised on shares on a farm leased by Morgan, and that after the same was harvested and baled Morgan sold 24 bales to the defendant without paying off the debt secured by his chattel mortgage, and this action was commenced to recover possession from the purchaser.

In the writ of replevin it was stated that the action was brought for the recovery of specific personal property, which was described as follows: "The 23 bales and one bale of crooks purchased by Joe Ball from T. J. Morgan." The return to the writ of replevin made by the sheriff shows, among other things, that he executed the writ by taking into his possession the 24 bales of cotton described in the writ.

Upon trial to a jury there was a verdict in favor of the plaintiff as follows: "We the jury, impaneled and sworn in the above entitled cause, do upon our oaths, find for the plaintiff for eight bales of broomcorn." Thereupon the defendant filed a motion for judgment notwithstanding the verdict, which motion was sustained by the trial court and judgment entered in favor of the defendant for return of the corn and costs, to reverse which this proceeding in error was commenced.

While the record does not disclose the precise ground upon which the court rendered judgment in favor of the defendant notwithstanding the verdict in favor of the plaintiff, we will assume for the purpose of reviewing the action complained of that it was upon one or both of the grounds stated by counsel for defendant in their brief as follows:

"There are two grounds upon which the court could have rendered judgment notwithstanding the verdict:

"First. That this was an action to recover an undivided interest in personal property and that the class of personal property involved was of such a character that replevin would not lie therefor.

"Second. That the property described in the verdict was insufficiently identified by the jury so that the court could render judgment thereon."

The facts not hereinbefore stated necessary to a decision of the points thus raised may be briefly summarized as follows: Morgan, the chattel mortgagor hereinbefore mentioned, was engaged in raising broomcorn on rather an extensive scale. The broomcorn involved herein was raised on separate parcels of what is known as the Bud Holder farm, which Morgan held under lease, one parcel being farmed on shares by Morgan and his son, the other being farmed on shares by one Vincent Hardy, a sublessee of Morgan's. Under his agreement with his tenants Morgan's share of the crop was to be the proportion which he subsequently mortgaged as hereinbefore set out, to wit: One-half of the broomcorn raised by Morgan and son and one-fourth of the broomcorn raised by Morgan and Hardy. The chattel mortgage was executed while these crops were in a growing condition and was duly recorded in the proper office. After the crops were harvested and baled, Morgan, the mortgagor, sold the same to Ball without paying the plaintiff's mortgage, and Ball immediately removed the corn in bales to a public warehouse, where it was stored with other broomcorn in bales.

There seems to be no dispute that the 24 bales of broomcorn seized by the sheriff were the result of these two ventures. The writ of replevin appears to have been issued for that number of bales on the assumption that this was Morgan's share of both crops. Upon trial, however, Morgan testified that these 24 bales were the net result of both ventures and that he was only entitled to one-half of the corn raised by himself and his son and one-fourth of the broomcorn raised by Hardy, the entire crop aggregating 10 bales and 13 bales, respectively. He also testified that the other bale going to make up the total of 24 bales was composed of crooked corn, commonly called "crooks", which was left in the field after the straight corn was gathered, and that his aged father gathered these "crooks" into a bale and sold it to Ball on his own account. The jury undoubtedly believed this version of the transaction, and this accounts for their verdict in favor of the plaintiff for eight bales. In these circumstances, we are unable to perceive the applicability of the principle contended for by counsel that replevin will not lie for an undivided interest in personal property which is not divisible into aliquots; or the general rule that replevin will not lie for an undivided interest in personal property. This, as we have seen, was an action for specific

articles of personal property, to wit, 23 bales of straight corn and one bale of "crooks".

It seems to us that these bales of corn are easily capable of identification and division into aliquots. Indeed, the sheriff seems to have had no difficulty in identifying and seizing the specific property claimed, as shown by his return to the writ of replevin hereinbefore referred to. If the property which the sheriff took into his possession under the writ was not the result of the joint effort of the mortgagor and his associates, no effort has been made to show the contrary. Now, the 24 bales seized by the sheriff being easily identified as the 23 bales of straight corn and the one bale of "crooks" raised on shares by Morgan and his tenants, the crooks admittedly belonging to Morgan's aged father, there can be no great difficulty in dividing the remaining straight bales seized into aliquots and turning eight of them over to the plaintiff in accordance with the verdict of the jury. While there is some evidence that the 24 bales were mingled with many other bales in a warehouse, the return of the sheriff shows they were not mingled in such a way as to absolutely preclude the possibility of identification and division.

For the reasons stated in this opinion, the judgment of the trial court is reversed and the cause remanded, with directions to overrule the motion for judgment notwithstanding the verdict and to enter judgment for the plaintiff in accordance with the verdict.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.